UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Michelle Smith,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 15-cv-01798 (APM) |
| | ) | |
| **Mayor, District of Columbia,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Michelle Smith owns a multi-unit residential property located at 433 Kennedy Street, N.W., in Washington, D.C. In 2014 and 2015, Plaintiff filed three different lawsuits in the District of Columbia Superior Court in an effort to evict the tenants of Unit 4. Compl., ECF No. 1, ¶¶ 37, 43, 47, 51. In each instance the Superior Court rejected Plaintiff's effort to evict her tenants, and each of those decisions is now on appeal before the District of Columbia Court of Appeals. *Id.* ¶ 37-38, 42, 47, 49, 52, 55. Following those adverse outcomes, Plaintiff filed suit in this court against the Mayor of the District of Columbia, the District of Columbia Consumer and Regulatory Administration, the District of Columbia Superior Court, and the tenants of Unit 4, Rosa Ventura and Maurcio Enamora. Plaintiff's Complaint alleges the following claims: (1) violation of her right to make and enforce contracts under 42 U.S.C. § 1981 (Count I); (2) violation of the Equal Protection Clause under the Fourteenth Amendment and 28 U.S.C. § 1981 (Count II); (3) false imprisonment under 42 U.S.C. § 1983 (Count III); (4) slavery, a due process violation of the Fourth Amendment, as well as an unlawful taking of property (Count IV); and (5) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) (Count V).

*See generally*, Compl.  Defendants have filed a Motion to Dismiss, ECF No. 10, which is now ripe for the court's consideration.

The court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine as to Counts I, IV, and V in their entirety and Count II in part.  The *Rooker-Feldman* doctrine bars district courts "from hearing cases that amount to the functional equivalent of an appeal from a state court."  *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002).  This includes federal constitutional claims that are so "inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (internal quotation marks omitted) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Each of the injuries alleged by Plaintiff in Counts I, IV, and V, and Count II in part, is the direct result of adverse rulings in which the Superior Court refused to evict the tenants of Unit 4.  In Count I, Plaintiff argues that the Superior Court judges violated her right to contract based on the Superior Court's interpretation of certain provisions of the lease agreement that proved unfavorable to Plaintiff.  *See* Compl. ¶ 59.  In Count II, Plaintiff claims that the Superior Court's refusal to eject her tenants violated the Equal Protection Clause.  *See id.* ¶ 62.  In Count IV, Plaintiff alleges that the Superior Court's decisions "enslaved" her.  *See id.* ¶ 72.  And, in Count V, Plaintiff contends the Superior Court judges conspired with others to interfere with her civil rights.  *See id.* ¶ 77.  Under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction to hear those claims.

In addition to challenging the adverse Superior Court decisions in Count II, Plaintiff also alleges in Count II that, in violation of the Equal Protection Clause, the D.C. Court of Appeals' practice of "charging exorbitant fees for [ ] transcripts" has made it too expensive for her to obtain

transcripts by her own means. Thus, she has been forced to obtain trial transcripts by seeking *in forma pauperis* status from the judge who ruled against her. Compl., ¶ 61. As that claim does not challenge a Superior Court ruling, it is not barred by the *Rooker-Feldman* doctrine. Ultimately, however, Count II must be dismissed for lack of subject matter jurisdiction for another reason: Plaintiff lacks standing because she has alleged no injury. Plaintiff does not assert any concrete injury arising from the allegedly discriminatory D.C. Court of Appeals' procedure that compels her to seek *in forma pauperis* status from the judge that ruled against her.

Plaintiff's Equal Protection Clause claim in Count II also must be dismissed because Plaintiff has failed to state a claim. To sustain an equal protection claim, Plaintiff must demonstrate that "similarly situated individuals" were treated differently and that the transcript policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (describing "ordinary equal protection standards"). Plaintiff has not pled any facts suggesting that Defendants' conduct was motivated by a discriminatory purpose or intent or has had a discriminatory effect. While Plaintiff hints in her Opposition that Defendants may have discriminated against her because of her race and gender, *see* Opp'n to the Dist. Def.'s Mot. to Dismiss, ECF No. 12, at 7-8, "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss," *Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003).

As to Count III, Plaintiff's claim for false imprisonment arises out of the alleged actions of housing inspectors employed by the District of Columbia Consumer and Regulatory Commission. Plaintiff avers that the inspectors entered her property and installed a boiler and a water heater, thus making it possible for her tenants to stay in Unit 4. Compl. ¶¶ 68-69. Such an allegation does not state a claim that the inspectors' actions falsely imprisoned *Plaintiff*. *See, e.g.*, *Wormley v.*

*United States*, 601 F. Supp. 2d 27, 44 (D.D.C. 2009) (noting that the *prima facie* elements of a false imprisonment claim are that the "plaintiff was (1) detained against her will (2) unlawfully" (citing *Faniel v. Chesapeake & Potomac Tel. Co.*, 404 A.2d 147, 150 (D.C. 1979))).

Finally, Plaintiff has filed a Motion to Amend her Opposition, ECF No. 14, and a Motion to Amend her Complaint, ECF No. 18. Both are denied, as Plaintiff's proposed amendments would be futile. Plaintiff's Motion to Amend her Opposition simply adds various exhibits relating to the eviction disputes heard in the Superior Court, which would not warrant a different outcome. Additionally, her Motion to Amend her Complaint seeks to add additional defendants, but it too would not save her Complaint from the above-explained deficiencies.

For the foregoing reasons, Defendants' Motion to Dismiss is granted, and Plaintiff's Motions to Amend her Opposition and her Complaint are denied. Plaintiff's Motion for Summary Judgment is denied, as well. A separate order accompanies this Memorandum Opinion.

Dated: June 10, 2016

Amit P. Mehta
United States District Judge